HETSON et al. v. BROLNITSKY et al.

(Supreme Court, Appellate Term, First Department. June 18, 1915.)

TROVER AND CONVERSION ☞5—RETAKING OF PROPERTY BY SELLER—LIABILITY.

A seller, who surreptitiously retakes goods stored and paid for by the buyer, is liable for the value of the goods taken.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 38–50; Dec. Dig. ☞5.]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Isidore Hetson and another against Barnet Brolnitsky and another, individually and as copartners. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Foster & Cunningham, of New York City (Joseph J. Cunningham, of New York City, of counsel), for appellants.

William A. Schacht, of New York City, for respondents.

GUY, J. Plaintiffs brought this action to recover the sum of $300, the alleged value of certain goods purchased by them from the defendants, which goods it is claimed, and the court so found, that the defendants had surreptitiously removed from the store in which they were stored between the time of the purchase and the time defendants gave plaintiffs a bill of sale of them. Although the complaint sets forth a cause of action for conversion, the summons bears no indorsement authorizing the arrest and imprisonment of defendants, nor is the judgment one upon which an execution against the person can issue. It is therefore nothing more than an ordinary money judgment. Whether or not the defendants had a right to take the goods at the time and in the manner they did is of not much importance in arriving at the justice in the case. The testimony shows, and this was believed by the trial justice, that the defendants removed the goods and that plaintiffs paid for them. Under such circumstances, right should prevail over technicalities, and the judgment should be affirmed.

Judgment affirmed, with costs.

WHITAKER, J. (concurring). The defendants took part of the goods that they either had actually sold or that they agreed to sell. They took them by stealth. This would indicate they did not think they had a right to take them. The court has found that $300 worth

of goods was taken. The defendants should pay for them, and I do not think that the judgment should be reversed on account of a mistake in the form of the action, when the question as to the proper form of the action is so close.

Substantial justice has been done, and the judgment should be affirmed.

LEHMAN, J., dissents.